IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| KENNETH POLSON, | ) | |
| | ) | |
| Petitioner, | ) | **CASE NO. 08–cv–50138** |
| | ) | |
| –vs– | ) | |
| | ) | **ASSIGNED JUDGE: REINHARD** |
| MEGAN POLSON, | ) | |
| | ) | |
| Respondent. | ) | **MAG. JUDGE: MAHONEY** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR EXPEDITED HEARING ON HAGUE PETITION (42 U.S.C. § 11601)

**I.     Issues of service of process and notice of motion.**

On July 10, 2008, the Petitioner, Kenneth Polson, filed a Hague Petition pursuant to 42 U.S.C. § 11601 seeking the return of his son, Robert, to Australia so that any issues regarding custody could be properly decided by an Australian family court. In May 2008, the Respondent, Megan Polson, had filed for divorce from Kenneth in the Ogle County Circuit Court in Oregon, Illinois. Megan was represented in Case No. 08–D–80 by Attorney Diane Elliott of the Law Office of K.O. Johnson, Dekalb, Illinois.

Kenneth's attorney in the present case, Stephen Langley, filed a Motion to Vacate a temporary order entered by the Ogle County Circuit Court on June 12, 2008 granting Megan temporary custody of Robert. On July 15, 2008, both Attorney Elliott and Attorney Langley appeared in court on the Motion to Vacate. At that time, Attorney Elliott accepted service of the Hague Petition on behalf of Megan, signed a waiver form to that effect, and was presented with a copy of the Petition along with all exhibits.

On July 16, 2008, the Petitioner filed his Request for Expedited Hearing with the District Court. On July 21, 2008, the Court denied the motion due to lack of notice to the Respondent,

and due to lack of proof that she had received a copy of the Petition.  Admittedly, counsel for the Petitioner did not send a copy of that motion to Attorney Elliott, but intended to do so, along with confirmation of a hearing date, as soon as such date was set by the District Court.  Thus, there was no ECF entry regarding notice.  In addition, counsel for the Petitioner had not yet scanned into PDF and filed with the District Court the waiver form signed by Attorney Elliott, and thus, the District Court reasonably concluded that the Respondent had not yet received a copy of the Petition.

All of the above concerns should be moot at this point.  The waiver of service form signed by Attorney Elliot has been filed.  A copy of the Motion for Expedited Hearing has been faxed and mailed to Attorney Elliott, and notice of the same has been electronically filed.  Thus, the District Court should be in a position to grant the Petitioner's Renewed Motion for Expedited Hearing, and to set a hearing date regarding the same.

**II.** **Despite the fact that the Respondent and her son now live in the Southern District, venue is proper in the Northern District because virtually all of the events giving rise to the claim occurred in this district.**

As stated in the Petition, "7.  Pursuant to 28 U.S.C. 1391(b), venue is proper in the Northern District of Illinois because a substantial part of the events giving rise to the claim occurred here."  There are sufficient allegations in the Petition, specifically the exhibits, which demonstrate that venue is proper in the Northern District, even if Megan and Robert moved to Murphysboro, Illinois prior to the Petition being filed.

From November 2007 through the end of May 2008 – approximately 6 months – Megan and Robert lived with her mother in Polo, Illinois, which is in the Northern District of Illinois.  (See Exhibit B to the Petition, ¶¶ 27, 48; Also see Exhibit C, paragraphs 4.1, 4.2, and 4.3 of Kenneth's Hague Petition filed in Australia).  It was only recently that Megan moved to

Murphysboro with her son. (Exhibit B, ¶ 49). Furthermore, Megan hired Attorney Elliott, out of Dekalb, and initiated dissolution proceedings in Ogle County, Case No. 08–D–80. Attorney Elliott had numerous email communications with Kenneth. (Exhibit B, ¶¶ 36, 37). In addition, Megan essentially tricked Kenneth into coming to Chicago so that a process server could serve him with summons in the Ogle County divorce case. (Exhibit B, ¶¶ 36-43).

It is clear on the face of the Petition, which incorporates the exhibits, that the events leading up to, and including, Megan's wrongful retention of Robert in the United States, took place almost exclusively within the Northern District of Illinois. The Court should place little significance on the fact that Megan moved to Murphysboro recently. If a litigant could avoid venue in a federal district simply by relocating at will, then Petitioners like Kenneth may never be able to get justice. In addition, as the allegations in the Exhibits make clear, Megan's alcohol/substance abuse history makes her a likely candidate to keep moving from place to place. (Exhibit B, ¶¶ 52-53, Exhibit C, part VIII). Megan's actions while she was living in Polo, and those of her lawyer, clearly make venue in the Northern District proper.

Wherefore, for the foregoing reasons, Petitioner Kenneth Polson respectfully requests that this Court grant his Motion for an Expedited Hearing on the Hague Petition.

**DATED: JULY 23, 2008.**

RESPECTFULLY SUBMITTED,
Kenneth Polson, Petitioner

By:      /S/    Stephen M. Langley

Stephen M. Langley – ARDC # 6280430
**SCHIRGER, MONTELEONE & HAMPILOS, P.C.**
308 W. State St. – Suite 210
Rockford, IL 61101
(815) 962-0044

-3-